# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 5, 2024

Lyle W. Cayce
Clerk

————————

No. 23-50075

————————

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

*Plaintiff—Appellant,*

*versus*

U.S. DRUG MART, INCORPORATED, *doing business as* FABENS PHARMACY,

*Defendant—Appellee.*

————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:21-CV-232

————————————————————

Before SOUTHWICK, ENGELHARDT, and WILSON, *Circuit Judges.*

PER CURIAM:*

     In this Americans with Disabilities Act (ADA) discrimination case, the Equal Employment Opportunity Commission (EEOC) alleges hostile work environment and constructive discharge claims against U.S. Drug Mart on behalf of David Calzada, a young former pharmacy technician who suffers from asthma. Calzada left his job with the pharmacy after one of his

———————————

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-50075

supervisors, Steve Mosher, criticized him for asking to wear a mask during the early days of the COVID-19 pandemic. The district court dismissed the EEOC's claims via summary judgment as foreclosed by our precedent. We AFFIRM the district court's summary judgment for U.S. Drug Mart.

Calzada began working for U.S. Drug Mart as a pharmacy technician in August 2018 when he was eighteen years old. The pharmacy, which does business as Fabens Pharmacy, was run by Steve Mosher, the lead pharmacist, and his wife Ana Navarrette, the store manager. The first eighteen months of Calzada's employment with U.S. Drug Mart transpired without incident. But on March 26, 2020, as the pandemic took hold of the country, Calzada showed up to work wearing a facemask. After Navarrette told him that mask-wearing violated the pharmacy's current policy, he left for the day.

After a few days of apparent miscommunication and missed work, Calzada, Navarrette, and Mosher met to discuss the matter on March 30. Calzada recorded the meeting via his cell phone. At the outset of the meeting, as well as later in the discussion, Navarrette offered Calzada a mask (and gloves) and explained that U.S. Drug Mart's policies had been updated by then to allow wearing them. However, during the meeting, Mosher grew frustrated by Calzada's "attitude" and repeatedly belittled him, at one point calling Calzada "a disrespectful, stupid little kid." The exchange brought Calzada to tears, though he returned to work for the remainder of the morning. After he left for his lunch break, he briefly reentered the store to pick up some belongings, then left again and never came back.

Calzada filed a charge of discrimination against U.S. Drug Mart with the EEOC, and the EEOC brought this action on Calzada's behalf. The district court granted summary judgment in favor of U.S. Drug Mart, and the EEOC appealed.

No. 23-50075

We review a district court's grant of summary judgment *de novo*. *Saketkoo v. Adm'rs of Tulane Educ. Fund*, 31 F.4th 990, 997 (5th Cir. 2022). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We "view[] all facts and draw[] all inferences in a light most favorable to the non-moving party." *Thompson v. Microsoft Corp.*, 2 F.4th 460, 466 (5th Cir. 2021) (quoting *Harville v. City of Houston, Miss.*, 945 F.3d 870, 874 (5th Cir. 2019)).

To establish a hostile work environment claim[1] under the ADA, a plaintiff "must show that: (1) he belongs to a protected group, (2) was subject to unwelcome harassment (3) based on his disability, (4) which affected a term, condition, or privilege of employment, and (5) [his employer] knew or should have known of the harassment and failed to take prompt, remedial action." *Thompson*, 2 F.4th at 470–71 (5th Cir. 2021) (citing *Flowers v. S. Reg'l Physician Servs. Inc.*, 247 F.3d 229, 235–36 (5th Cir. 2001)). The fifth element disappears "[w]here a harassment claim arises out of a supervisor's conduct." *EEOC v. Boh Bros. Constr. Co.*, 731 F.3d 444, 453 (5th Cir. 2013) (en banc).[2]

The district court determined that the EEOC's disability-based harassment claim failed the fourth factor because Mosher's harsh words were not "sufficiently severe or pervasive to alter the conditions of the victim's

---

[1] The ADA case law at times refers to hostile work environments and at other times refers to disability-based harassment. *See, e.g.*, *Thompson*, 2 F.4th at 471 (hostile work environment); *Flowers v. S. Reg'l Physician Servs. Inc.*, 247 F.3d 229, 235 (5th Cir. 2001) (disability-based harassment). These terms refer to the same ADA cause of action.

[2] *Boh Brothers Construction* is a Title VII case where sexual harassment, not disability discrimination, caused the alleged hostile work environment. 731 F.3d at 449. However, this court has previously "conclude[d] that the language of Title VII and the ADA dictates a consistent reading of the two statutes." *Flowers*, 247 F.3d at 233.

No. 23-50075

employment." *Alaniz v. Zamora-Quezada*, 591 F.3d 761, 771 (5th Cir. 2009) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). This decision mirrors our opinions in *Saketkoo v. Administrators of Tulane Educational Fund* and *Septimus v. University of Houston*, which both involved verbal abuse more intense than Mosher's conduct yet did not present cognizable claims for sexual harassment. *Saketkoo*, 31 F.4th at 1003–04; *Septimus*, 399 F.3d 601, 612 (5th Cir. 2005).

Mosher's conduct, while certainly brusque, falls well short of "this circuit's fairly high standard for severe or pervasive conduct." *Flowers*, 247 F.3d at 236. And it is even further removed from the kind of "egregious" or "extremely serious" conduct necessary to sustain a hostile work environment claim based on a single instance of discrimination. *Wantou v. Wal-Mart Stores Tex., L.L.C.*, 23 F.4th 422, 433 (5th Cir. 2022) (citations omitted), *cert. denied*, 143 S. Ct. 745 (2023), *reh'g denied*, 143 S. Ct. 1049 (2023). So, while we disagree with the district court's dicta that the "allegations raise a question of fact ill-suited for resolution at the summary judgment stage," we agree that the EEOC's hostile work environment claim fails as a matter of law.

"Constructive discharge occurs when an employee has quit [his] job under circumstances that are treated as an involuntary termination of employment." *Haley v. All. Compressor LLC*, 391 F.3d 644, 649 (5th Cir. 2004) (citing *Young v. Southwestern Sav. & Loan Ass'n*, 509 F.2d 140, 144 (5th Cir. 1975)). A valid hostile work environment claim is a "lesser included component" of the "*graver*" constructive discharge claim. *Pa. State Police v. Suders*, 542 U.S. 129, 149 (2004) (emphasis original). Indeed, this circuit has emphasized that "[c]onstructive discharge requires a greater degree of harassment than that required by a hostile environment claim." *Brown v. Kinney Shoe Corp.*, 237 F.3d 556, 566 (5th Cir. 2001) (citing *Benningfield v.*

No. 23-50075

*City of Houston*, 157 F.3d 369, 378 (5th Cir. 1998)). Thus, the EEOC's constructive discharge claim necessarily fails as well. Again, we affirm the district court for correctly granting summary judgment, irrespective of its suggestion that there is any fact issue on this point.

AFFIRMED.